B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

**Dated: March 27th, 2023**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| IN RE: | CASE NO. 2:21-bk-20207 |
|---|---|
| DOUGLAS PHAY VANDEVENDER, | CHAPTER 7 |
| Debtor. | CHIEF JUDGE MIGNAULT |
| DAVID L. VANDEVENDER, SR AND DONNA L. VANDEVENDER,<br><br>Plaintiffs,<br>v.<br><br>DOUGLAS PHAY VANDEVENDER,<br><br>Defendant. | ADVERSARY PROCEEDING NO. 2:21-ap-02016 |

### OPINION AND ORDER GRANTING DEFENDANT/DEBTOR'S
### MOTION FOR JUDGMENT ON PARTIAL FINDINGS

This matter came before the Court on the *pro se* Plaintiffs' letter [dkt. 1], which the Court construed as an adversary complaint objecting to the Debtor's discharge pursuant to Rule 4005 of the Federal Rules of Bankruptcy Procedure. A trial was held on October 24, 2022 at 10:00 a.m. (the "Trial") during which the Plaintiffs presented their case *pro se*, without the assistance of counsel. At the conclusion of the Plaintiffs' case-in-chief, the Defendant moved for Judgment as a Matter of Law, and the Court delivered an oral opinion granting judgment on partial findings in favor of the Defendant. That opinion is more fully stated herein.

I

A.     **Factual Background**

Plaintiff David Vandevender and Defendant Douglas Vandevender are brothers.[1] Douglas, according to David, has a history of financial troubles. As such, in the past, Douglas has borrowed money from David and his wife, Donna; until now, he always repaid them.

On November 8, 2012, Douglas again asked David for a loan. Douglas, David, and Donna entered into a contract whereby Douglas agreed to sell his share of his mother Mary's future estate to David and Donna, if he were to inherit anything, in exchange for $9,400 in cash as well as a four-wheeler valued at $600. If Douglas did not inherit anything from the estate, he was still obligated to repay David and Donna $10,000.

Mary Vandevender passed away in April of 2014. Thereafter, Douglas received two checks from her estate in the amount of $5,000 each. Instead of paying the funds to David and Donna as required by their contract, Douglas kept and spent the first check for $5,000. Subsequently, David and Donna obtained counsel, who wrote a letter to Douglas proposing that if he tendered his second $5,000 check to David and Donna, they would not pursue the first $5,000 check. Douglas did not respond to the letter and refused to tender the second check to David and Donna as well.

David and Donna sued Douglas in magistrate court and received a default judgment against Douglas in the amount of $10,000, plus interest, on June 28, 2019. David and Donna

---

[1] The Court does not usually refer to parties by their first names, but because all the parties involved in this matter share a last name, the Court will utilize first names in this opinion to make it as clear as possible.

2

subsequently recorded their judgment lien in Pocahontas County. They have not received a single payment from Douglas pursuant to the contract.

**B.    Procedural Background**

The Debtor filed his Chapter 7 bankruptcy petition on September 1, 2021 [bankr. dkt. 1]. On January 14, 2022, this Court entered an order [bankr. dkt. 41] granting Douglas' request to avoid the judicial lien held by David and Donna Vandevender. David and Donna then sought reconsideration, which was denied on March 11, 2022 [bankr. dkt. 46].

On November 10, 2021, David and Donna filed a letter [bankr. dkt. 31] requesting to object to the Debtor's discharge pursuant to Bankruptcy Rule 4005. The Court construed David and Donna's letter as a Complaint and initiated this nondischargeability proceeding *sua sponte*.

At the Trial, all parties appeared via videoconference, and Plaintiffs presented the facts of their case and requested that their $10,000 claim against Defendant be ruled as nondischargeable because Defendant should have foreseen his financial troubles and be required to fulfill his financial commitments to family members instead of being permitted to disgrace and fracture the family. At the close of the Plaintiffs' case-in-chief, the Defendant moved for judgment as a matter of law because Plaintiffs failed to meet their burden to prove that the claim is nondischargeable pursuant to 11 U.S.C. § 523(a) or any other provision of the Bankruptcy Code.

**II.**

**A.    Applicable Legal Standards**

The Court has construed the party's oral Motion for Judgment as a Matter of Law as a Motion for Judgment on Partial Findings. The Court notes that a Motion for Judgment as a

3

Matter of Law ("JMOL") is not the proper motion to be brought in this case, as there is no jury; instead, the proper motion is a Motion for Judgment on Partial Findings under Federal Rule of Civil Procedure 52(c).[2] Rule 52(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7052, provides the governing standard for judgment on partial findings as follows:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Fed. R. Civ. P. 52(c). This rule also applies to the Bankruptcy Court. *See Conestoga Title Ins. Co. v. Patchell (In re Patchell)*, 569 B.R. 635, 649 (Bankr. D. Md. 2017) (applying Rule 52(c) in a bankruptcy context).

A Rule 52(c) motion for judgment on partial findings may be entered if the non-moving party has been fully heard with respect to an issue essential to that party's case. *Conestoga*, 569 B.R. at 649 (citing *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 272 (3rd Cir. 2010)); *see also Morales Feliciano v. Rullan*, 378 F.3d 42, 59 (1st Cir. 2004). "In considering whether to grant judgment under Rule 52(c) the district court applies the same standard of proof and weighs

---

[2] A Motion for Judgment on Partial Findings was formerly, and still is informally, referred to by some as a Motion for Directed Verdict. FED.R.CIV. P. 50 Advisory Committee Note (1991). The most recent amendment to Rule 52(c) sought to clarify discrepancies regarding the applicable legal standard for such a motion. The penultimate version of the Rule used the phrase "judgment as a matter of law," which was subsequently revised in 2007 to, simply, "judgment." The Advisory Committee Notes state that the change was made to "avoid any confusion with a Rule 50 judgment as a matter of law in a jury case." Furthermore, the standards for JMOL "have no bearing on a decision under Rule 52(c)." *Geddes v. Northwest Missouri State Univ.*, 49 F.3d 426, 429 n. 7 (8th Cir. 1995).

the evidence as it would at the conclusion of the trial. *EBC, Inc.*, 618 F.3d at 272 (citations omitted). Thus, "the court does not view the evidence through a particular lens or draw inferences favorable to either party." *Id*.

**B.** **Analysis**

To prevail on a Motion for Judgment on Partial Findings, the Court must determine whether the Plaintiffs alleged facts sufficient to prove nondischargeability. To allege facts sufficient to prove nondischargeability, Plaintiffs must satisfy one of the tests for nondischargeability pursuant to 11 U.S.C. § 523(a).

In order to exclude a particular debt from discharge, pursuant to Section 523(a), a creditor must demonstrate by a preponderance of evidence, each element of the subsection. *Garner v. Grogan*, 498 U.S. 279, 287-88 (1991); *see also TKC Aero. Inc. v. Muhs (In re Muhs)*, 923 F. 3d 377, 384 (4th Cir.) (2019). Courts should narrowly construe exceptions to discharge against the creditor and in favor of the debtor. *Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir. 2008) (*citing Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999)).

The Plaintiffs have not raised a specific legal theory to support a nondischargeability ruling in their Complaint or at Trial. Upon review of the various bases for nondischargeability, the only potentially applicable subsection the Court can see is found in Section 523(a)(2)(A).

Section 523 (a)(2)(A) makes a debt nondischargeable only "for money, property, or services . . .to the extent *obtained* by false pretenses, a false representation, actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C.

5

§ 523(a)(2)(A). The Supreme Court has determined that the phrase "to the extent obtained by" modifies "money, property, or services." *Cohen v. De La Cruz*, 523 U.S. 213, 215 (1998). The phrase clarifies that the money, property, or services obtained by fraud is the crux of the nondischargeability determination. *Id* at 221-23. To prevail under § 523(a)(2)(A), David and Donna must show by a preponderance of the evidence that Douglas: 1) made a false representation; 2) knew that the representation was false; 3) intended to deceive; 4) produced the victims' justifiable reliance on the false representation; and 5) proximately caused damages. *SG Homes Assocs., LP v. Marinucci*, 718 F.3d 327, 334 (4th Cir. 2013).

In this case, Plaintiffs would have to show that they purchased Defendant's inheritance in reliance upon a false representation knowingly made by Defendant to prevail. However, Plaintiffs testified that they knew Defendant's financial condition was poor and that he had regularly been reliant on financial support from his mother. Plaintiffs additionally testified that they had made loans previously to Defendant for similar sums of money, and although it took him some time to pay them back, he had always done so. Most significantly, Plaintiffs testified that they believed Defendant had "good intentions" when signing the contract, that Defendant is "not a crook," and that he did intend to repay the debt at the time he signed the contract. Accordingly, Plaintiffs have not satisfied their burden of proof to prevail on a claim of nondischargeability pursuant to Section 523(a)(2)(A).

**III.**

The Court is sympathetic to the Plaintiffs' situation. Money disputes between family members can be devastating, and the Court commends Plaintiffs' efforts, generosity, and patience with Defendant. The law, however, does not afford them the relief of nondischargeability

because the debt owed to them was admittedly not procured by false pretenses, false representation, or actual fraud.

Therefore, the Court finds in favor of the Defendant. The $10,000 debt Defendant owes to Plaintiffs is deemed dischargeable.

**IT IS ORDERED** that Douglas Vandevender's Motion for Judgment as a Matter of Law be, and is hereby, **GRANTED** as set forth herein.

**IT IS FURTHER ORDERED** that the relief requested in the Complaint is **DENIED**, and this case is hereby **CLOSED** and removed from the Court's active docket.

The Clerk's office is directed to serve this Order upon Plaintiffs, Defendant's counsel, Defendant, and the Chapter 7 Trustee.